UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RAY A. GONZALES-EL,

      Plaintiff,

Case No. 2:02-CV-210

v.

Hon. Richard Alan Enslen

WAYNE DESHAMBO and
GERALD RILEY,

**ORDER**

      Defendants.
_____/

Plaintiff Ray A. Gonzales-El has moved for relief from the Court's Judgment of March 9, 2004, which dismissed his claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, with prejudice. The instant motion under Federal Rule of Civil Procedure 60(b)(6) was mailed by the prisoner-plaintiff on or about June 24, 2005.[1] Oral argument on the motion is unnecessary in light of the circumstances presented.

Plaintiff's motion presents the following circumstances: Plaintiff filed this action in December 2002 to complain concerning the alleged denial of his religious, First Amendment and statutory rights. His complaint concerned conduct by the prison chaplain and others in the fall of 2002. On March 9, 2004, this Court found that the bulk of Plaintiff's claims should be dismissed without prejudice as unexhausted, but his RLUIPA claims should be dismissed with prejudice in light of the Sixth Circuit Court of Appeals' decision in *Cutter v. Wilkinson*, 349 F.3d 257 (6th Cir. 2003). Plaintiff did not, at that time, contest the invalidity of his RLUIPA claims or appeal the

---

[1] It was actually filed with the Clerk on June 28, 2005, but the earlier date is recognized as the "filing date" given the "mailbox rule" applicable to prisoner actions. *See Houston v. Lack*, 487 U.S. 266 (1988).

dismissal. On May 31, 2005, the United States Supreme Court reversed the holding of the Sixth Circuit in *Cutter*. By the instant motion, Plaintiff seeks the benefit of the Supreme Court's holding in *Cutter* and a ruling that the dismissal of his RLUIPA claims in this suit was made only without prejudice. Plaintiff has also attempted to exhaust the "unexhausted claims" and pursue them as part of another suit, case no. 2:04-cv-108.[2] United States Magistrate Judge Timothy P. Greeley has recommended in that suit that Defendants be granted summary judgment as to Plaintiff's non-RLUIPA claims. The Report indicates that Plaintiff seeks relatively small damages in that case and that Defendants are entitled to summary judgment because Plaintiff was denied a special religious diet for valid reasons (*i.e.,* he is a diabetic who was not cleared by his physician for receipt of a special religious diet).

Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances." Those circumstances are variously described in the case law as something much more than a mere change in decisional law. Indeed, the Supreme Court in *Agostini v. Felton*, 521 U.S. 203, 239 (1997), a case which did allow Rule 60 relief because of an ongoing injunction, said that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Likewise, in *Blue Diamond Coal Co. v. Trustees of UMWA*, 249 F.3d 519, 524-28 (6th Cir. 2001), the Sixth Circuit reversed a district court's order which permitted Rule 60(b)(6) relief because of a change in decisional law. The Sixth Circuit therein cited a large

---

[2]This is not strictly true, but is Plaintiff's characterization of what he has done. The later suit concerned conduct by prison officials <u>in 2003</u> as to the same general subject matter–the denial of a special religious diet to Plaintiff. Because this Court made no RLUIPA ruling concerning his <u>2003 claims</u>, he was not precluded by the prior judgment in this case from asserting a RLUIPA claim in his later suit, nor does the prior judgment prevent him from bringing any other RLUIPA suit for conduct other than the conduct asserted in the 2002 suit.

2

number of cases rejecting Rule 60(b)(6) relief because of changes in decisional law.  It made clear that Rule 60(b)(6) relief is truly extraordinary in character.

Upon review of the law and the facts and circumstances of this case, it is apparent that Rule 60(b)(6) relief should not be afforded.  The underlying events have long past.  Inquiry into those events has been long delayed as a consequence of Plaintiff's own litigation strategies.  Further inquiry into those events is not warranted, particularly since the Court does not perceive the underlying claims to be of any substantial merit, nor to involve any substantial damages.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Ray A. Gonzales-El's Motion for Relief from Judgment (Dkt. No. 59) is **DENIED**.

DATED in Kalamazoo, MI:  
July 18, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE